IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAWITT N. DERESSE,**

        **Petitioner,**

    **vs.**                                    **Civil Action 2:10-CV-1083**
                                                       **Judge Smith**
                                                       **Magistrate Judge King**

**WARDEN, ROSS CORRECTIONAL
INSTITUTION,**

        **Respondent.**

## OPINION AND ORDER

On May 20, 2011, the United States Magistrate Judge recommended that respondent's motion to dismiss be granted and that petitioner's motion to excuse his procedural default be denied. *Report and Recommendation*, Doc. No. 7. This matter is now before the Court on petitioner's objection to that recommendation. *Objection*, Doc. No. 11. Pursuant to the provisions of 28 U.S.C. §636(b); Fed. R. Civ. P. 72(b), the Court will consider the matter *de novo*.

This is a habeas corpus action under the provisions of 28 U.S.C. §2254, in which petitioner challenges his convictions, based on his guilty pleas, on drug-related charges. Petitioner presented his challenges to the state court of appeals in a delayed direct appeal. After his conviction was affirmed on appeal, petitioner, acting without the assistance of counsel, attempted to file a timely appeal to the Ohio Supreme Court. His filing was incomplete, however, and the Clerk of the Ohio Supreme Court returned that filing to him. Petitioner explains

that he mailed the missing documents separately to the Ohio Supreme Court but, because his earlier attempted filing had been returned to him unfiled, those documents were also returned to petitioner by the Clerk of the Ohio Supreme Court.[1]

The respondent filed a motion to dismiss the petition based on procedural default, Doc. No. 6. Acknowledging that his attempted appeal to the Ohio Supreme Court was defective, petitioner asked that the Court excuse his procedural default, Doc. No. 5.

The Magistrate Judge recommended that the petition be dismissed as procedurally defaulted, reasoning as follows:

> Petitioner argues that the Clerk of the Ohio Supreme Court should not have returned his first, incomplete, filing to him. Rather, petitioner argues, the clerk should have filed the incomplete notice of appeal and permitted petitioner to later remedy the defect. "A technicality should not bar review of this petition." *Motion to Excuse the Procedural Default*, p. 6.
> This Court concludes that it was not the Clerk of the Ohio Supreme Court that caused petitioner's procedural default; rather, his default was a consequence of petitioner's own failure to follow the express directions given to him by the clerk. In the clerk's January 27, 2010 letter to petitioner, the clerk returned petitioner's notice of appeal, unfiled, and provided to petitioner this advice:
>
>> In order to timely appeal a December 17, 2009 court of appeals decision, your notice of appeal, corrected memorandum in support of jurisdiction, and affidavit of indigency are due in the Clerk's Office no later than February 1, 2010. Should this deadline pass, please see the provision for delayed appeal under Rule 2.2(A)(4) of the enclosed copy of the Rules of Practice.
>
> *Exhibit A*, attached to *Motion to Excuse Procedural*

---

[1] Petitioner's subsequent motion for delayed appeal was denied by the Ohio Supreme Court.

2

> *Default*. Petitioner simply did not follow these directions. Nothing in the record indicates that any external factor impeded Petitioner's ability to file a proper, timely appeal to the Ohio Supreme Court. Petitioner's default in this regard is therefore attributable only to him.

*Report and Recommendation*, pp. 4-5.

In his objection, petitioner presents the same argument presented to and rejected by the Magistrate Judge, with one modification. Petitioner now asserts that the Clerk of the Ohio Supreme Court should have held his original, admittedly defective, filing in "abeyance" pending his submission of the missing documents. Particularly is this so, petitioner contends, in light of the fact that the deficiency in his original filing is a common deficiency.

This Court agrees with the Magistrate Judge that petitioner's claims were procedurally defaulted. The procedural rules governing the filing of direct appeals with the Ohio Supreme Court are adequate and independent rules with which a habeas corpus petitioner must comply. Although petitioner may disagree with the wisdom of those rules, the fact remains that petitioner failed to comply with those rules. That failure necessarily leads to the conclusion that his claims have been procedurally defaulted for purposes of federal habeas corpus review. *See Bonilla v. Hurley*, 370 F.3d 494 (6th Cir. 2004)(a habeas corpus claim is procedurally defaulted where that claim has not been presented to the state courts in accordance with the state's procedural rules). Moreover, petitioner has failed to demonstrate cause for his default and actual prejudice; he has likewise failed to demonstrate that enforcing this procedural default will result in a fundamental miscarriage of justice. Under these circumstances, the Court cannot consider the merits of petitioner's claims.

Petitioner's *Objection*, Doc. No. 11, is **DENIED.**  The *Report and Recommendation*, Doc. No. 7, is **ADOPTED and AFFIRMED**.  Petitioner's motion to excuse his procedural default, Doc. No. 5, is **DENIED**.  Respondent's motion to dismiss, Doc. No. 6, is **GRANTED.**

The claims asserted in this action are **DISMISSED** as procedurally defaulted.

The Clerk shall enter **FINAL JUDGMENT**.

*s/George C. Smith*
George C. Smith, Judge
United States District Court

4